# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 1:07-cv-874 |
| v. | ) ) | |
| TRIAD RACING DEVELOPMENT, INC. | ) ) ) | CONSENT DECREE |
| Defendant. | ) ) | |

_____

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant Triad Racing Development, Inc. subjected Wayne Kanter to a hostile work environment because of his religion, Judaism, in violation of Title VII. The Complaint further alleges that Mr. Kanter was constructively discharged as a result of the religious harassment. Defendant Triad Racing Development, Inc. denies the allegations.

The Commission, and the Defendant, Triad Racing Development, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of

further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Wayne Kanter the sum of twenty thousand dollars ($20,000.00) in settlement of the claims raised in this action. Defendant shall issue a Form 1099 to Mr. Kanter for the aforementioned payment. Defendant shall make payment by issuing a check payable to Wayne Kanter. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Wayne Kanter at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check

and proof of its delivery to Wayne Kanter.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Wayne Kanter any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2006-01434 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Defendant agrees to provide Wayne Kanter with a letter of reference, a copy of which is attached as Exhibit A, within ten (10) days of the entry of this decree by the Court. In addition, if Defendant receives any inquiries regarding Wayne Kanter's employment, Defendant shall provide the document attached as Exhibit A in lieu of a verbal response.

6. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious harassment; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with

them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of their facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 105 days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against religious harassment in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant

shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to its employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information: the names of all individuals who have filed a complaint of religious harassment, a summary of the individual's complaint, when the complaint was made, who received the complaint, and a statement of the action that was taken in response to the individual's complaint. In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding

such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the day of November 19, 2007

                                                   /s/ N. Carlton Tilley, Jr.
                                                   United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:


Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Tel. (704) 344-6878
Fax. (704) 344-6780
Lynette.Barnes@eeoc.gov


TRACY HUDSON SPICER
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W., Suite 100
Washington, DC 20507-1002
Telephone: (202) 419-0711
Facsimile: (202) 419-0701
E-mail: Tracy.Spicer@eeoc.gov


/s/ Kerith Cohen
KERITH COHEN (Gov't. ID No. 21059)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, Virginia 23510
Tel. (757) 441-3505
Fax. (757) 441-6720
Kerith.Cohen@eeoc.gov

/s/  Kim R. Bauman
KIM R. BAUMAN (N.C. Bar No. 9115)
Attorney for Defendant
Wyatt Early Harris & Wheeler, LLP
1912 Eastchester Drive, Suite 400
High Point, NC 27261
Tel. (336) 819-6004
Fax. (336)
kbauman@wehwlaw.com

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Wayne Kanter.

Mr. Kanter was employed by Triad Racing Development from June 1, 2004 to December 31, 2005. During his tenure with us, Mr. Kanter held the position of engine tuner. His ending salary was _____ , plus benefits.

We hope that this information about Mr. Kanter is helpful to you in considering him for employment.

Sincerely,

_____
Jon Dysinger
General Manager

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO. _____** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **NOTICE** |
| **TRIAD RACING DEVELOPMENT, INC.** | ) ) ) | |
| **Defendant.** | ) | |

     This Notice is posted pursuant to a Consent Decree between the U.S. Equal Employment Opportunity Commission and Triad Racing Development, Inc. ("Triad Racing"), in a case of discrimination based on religion. Triad Racing has agreed to take the actions set out in a Consent Decree resolving the matter.

     Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on religion

     Triad Racing will comply with such federal law in all respects. Furthermore, Triad Racing will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

     An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

                      Equal Employment Opportunity Commission
                                1801 L Street, N.W.
                                Washington, DC 20507
                                  TEL: 1-800-669-4000
                                  TTY: 1-800-669-6820

DO NOT REMOVE THIS NOTICE UNTIL: _____ , 2009